KEVIN V. RYAN (CSBN 118321)
United States Attorney

EUMI L. CHOI (WVBN 0722)
Chief, Criminal Division

MICHAEL LI-MING WANG (CSBN 194130)
Assistant United States Attorney

   450 Golden Gate Avenue Box 36055
   San Francisco, CA 94102
   Telephone: (415) 436-6767

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 05–00655 JSW |
|     Plaintiff, | |
| v. | [PROPOSED] ORDER FOR SPEEDY TRIAL EXCLUSION |
| GUINDI N. GUINDI, | |
|     Defendant. | |

     On February 2, 2006, the Court held a status hearing on this matter. Having considered arguments of counsel, and good cause appearing, IT IS HEREBY ORDERED that:

     1.     The parties shall appear on March 23, 2006, at 2:30 p.m. for trial setting.

     2.     The parties have previously stipulated—and the Court has found—that this matter is "complex" within the meaning of 18 U.S.C. § 3161(h)(8)(B)(ii) because of the nature of the prosecution. Specifically, the Indictment alleges a relatively complex

1  scheme to defraud investors, and the government has produced more than 7,500 pages of
2  discovery in connection with the prosecution.  On the stipulation of the parties in open
3  court, the Court hereby makes a continued finding that the matter is complex, and that it
4  would be unreasonable to expect adequate preparation for pretrial proceedings and trial
5  without the requested exclusion.

6       3.     The parties further have stipulated that the defense requires additional time
7  to conduct investigation in support of possible defenses.  Specifically, the defense intends
8  to retrieve electronic messages stored on hard drives or servers that are not in the
9  government's possession.  Based on the parties' stipulation, and pursuant to 18 U.S.C. §
10 3161(h)(8)(B)(iv), the Court hereby finds that failure to grant the continuance would
11 unreasonably deny counsel for the defense reasonable time necessary for effective
12 preparation, taking into account the exercise of due diligence.

13      4.     Based upon the foregoing, the Court finds that the interests of justice would
14 best be served by excluding time under the Speedy Trial Act through March 23, 2006, and
15 specifically finds that the interests of justice outweigh the interests of either the defendant
16 or the public in a speedy trial.

17      5.     Accordingly, pursuant to 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(ii),
18 and 3161(h)(8)(B)(iv), the Court orders that all time from February 2, 2006, through
19 March 23, 2006, shall be excluded in computing the time within which trial in this matter
20 must commence.

21

22 IT IS SO ORDERED.

23

24 DATED: February 3, 2006                                                                  
25                                     HON. JEFFREY S. WHITE
                                    UNITED STATES DISTRICT JUDGE