CHRISTOPHER J. CANNON, State Bar No. 88034
Sugarman & Cannon
44 Montgomery Street, Suite 2080
San Francisco, CA  94104-6702
Telephone: 415/362-6252
Facsimile: 415/677-9445

Attorney for Defendant GUINDI N. GUINDI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. CR 05-00655-JSW |
| | ) | |
| Plaintiff, | ) | **STIPULATION AND** |
| | ) | **[PROPOSED] ORDER TO** |
| v. | ) | **CONTINUE** ~~**PRETRIAL**~~ |
| | ) | STATUS HEARING |
| GUINDI N. GUINDI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

  On January 22, 2007 the defense filed a motion to depose a foreign witness.  That motion was supported by a declaration of counsel, but was not supported by a signed declaration from the witness.  Although defense counsel provided a draft declaration to the United States, counsel did not feel it was appropriate to file the declaration, until he had a signed copy of the declaration from the witness.  Obtaining that declaration was more difficult than expected because the witness was unavailable due to an injury in his family and failed to return phone calls.  On February 8, 2007, the government filed a motion for

STIPULATION AND [PROPOSED] ORDER TO CONTINUE ~~PRETRIAL~~
No. CR 05-00655-JSW

an extension of time to respond to the defense motion and on February 20, 2007, the parties stipulated to the withdrawal of the defense motion, without prejudice, due to the inability to obtain a signed declaration.  On March 5, 2007, the witness finally provided a signed declaration, indicating that he would agree to be deposed in Dubai and that he "orally agreed to deliver more than ten million dollars of investment capital for Guindi's use in Netcap."  However, after he "made this original commitment, the world changed and the investment climate deteriorated."  Because a man sharing the witness' name was accused of the September 11th attack in New York, the witness and his family made a decision not to invest in the United States until the aftermath of that attack was resolved.  The defense contends this testimony is vital and exculpatory and demonstrates that Guindi had a reasonable expectation of obtaining substantial funding for Netcap, but due to circumstances beyond his control, that expectation vanished.  The government has not yet had sufficient time to evaluate the declaration and the logistics involved in a deposition in Dubai.  (The draft declaration indicated the deposition could occur in Egypt, Saudi Arabia or Dubai).

    Accordingly, the parties agree that a new motion to depose a foreign witness will be filed March 12, 2007.  The government will respond to that motion on March 19, 2007.  The March 8, 2007 date previously set to hear the motion will be vacated and that date will be reset as April 6, 2007.  The parties agree that time from March 5, 2007 until April 6,

2007 will be excluded from calculation of time limits under Speedy Trial Act under 18 U.S.C. §§ 3161 (h)(3)(A) and (h)(8)(A).

  IT IS SO STIPULATED.

Date: 03/07/07             _____/s/_____
                   Christopher J. Cannon
                   Counsel for Guindi Guindi

Date: 03/07/07             _____/s/_____
                   Michael Wang
                   Assistant United States Attorney

  SO ORDERED., with the exception that the hearing on the motion to depose a foreign witness shall be heard on Thursday, April 5, 2007 at 2:30 p.m., and the exclusion of time shall run until that date.

Date: March 7, 2007          _____/s/ Jeffrey S. White_____
                   The Honorable Jeffrey S. White
                   United States District Judge