IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>GUNDI GUINDI,<br><br>   Defendant.<br>_____/ | No. CR 05-00655-1 JSW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DEPOSE A FOREIGN WITNESS** |

## INTRODUCTION

This matter comes before the Court on consideration of the motion to depose a foreign witness filed by Defendant Guindi Guindi ("Guindi"). Having considered the parties' pleadings, relevant legal authority, the record in this case, and having heard oral argument, the Court HEREBY GRANTS Defendant's motion.

## BACKGROUND

Defendant is charged with nine counts of violations of 18 U.S.C. § 1343, Wire Fraud, two counts of violations of 18 U.S.C. § 1341, Mail Fraud, and three counts of violations of 18 U.S.C. § 1956(a)(1)(A)(I), Financial Transactions to Promoting Unlawful Activity. The underlying facts supporting the allegations against Defendant are set forth in the indictment, and pertain in general to an alleged scheme to defraud investors. As part of this scheme, the Government alleges that Defendant falsely represented that "wealthy Saudi investors would be making multi-million dollar investments in" Defendant's company, Netcap Holdings. (Indictment, ¶ 19.d.)

1  Defendant seeks to depose a witness who can provide testimony favorable to the defense
2  on this issue.

## ANALYSIS

4  Federal Rule of Criminal Procedure 15(a) provides in relevant part that "[a] party may
5  move that a prospective witness be deposed in order to preserve testimony for trial. The court
6  may grant the motion because of exceptional circumstances and in the interest of justice." The
7  question of whether or not to permit the defendants to take the deposition is a matter within the
8  Court's discretion. *See Furlow v. United States*, 644 F.2d 764, 767 (9th Cir. 1981) (finding no
9  abuse of discretion where witness was ill and purpose of deposition was to preserve testimony
10 for trial, "which is within the contemplation of the Rule").

11 A defendant has the burden of proof to show that "the necessity of preserving" the
12 prospective witness' testimony for trial. *United States v. Olafson*, 213 F.3d 442-43 (9th Cir.
13 2000) (rejecting defendant's contention that trial court should have ordered the government to
14 depose material witnesses in Mexico ). The Ninth Circuit, however, has made clear that a
15 defendant is not required to show that the witness is unavailable or that the testimony is
16 material, factors which pertain to whether a deposition may be admitted at trial. *United States
17 v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998); *but see United States v. Zuno-Arce*, 44 F.3d
18 1420, 1425 (9th Cir. 1995) ("The district judge focused appropriately on unavailability, good
19 faith effort to obtain the witnesses' presence at trial ... whether the movant had demonstrated
20 that the expected testimony would be favorable, ... and whether the deponents would be
21 available for deposition and willing to testify.") (citations omitted). Ultimately, Rule 15
22 requires that a court find that the defendant has shown that "exceptional circumstances" exist
23 and that "it is in the interests of justice that the testimony of a prospective witness be taken and
24 preserved for use at trial." *Omene*, 143 F.3d at 1170.

25 The proffered defense witness attests that he lives in Saudi Arabia and is unable to come
26 to the United States to testify because of his "many business and financial responsibilities."
27 However, he also attests that he is willing to be deposed in Dubai, United Arab Emirates.
28 (Declaration of Badur Bin Laden at p. 2:24-3:2.) The Government argues that these facts do not

2

1  adequately demonstrate that Mr. Bin Laden is "unavailable" or that his business and financial
2  responsibilities satisfy the "exceptional circumstances" standard.  The Government also
3  opposes the motion on the grounds that it would not be possible to hold a deposition in Dubai
4  and that the Government has significant concerns about the safety of its personnel and other
5  Americans traveling to conduct the deposition. (Declaration of Michael Li-Ming Wang ¶¶ 2-7.)
6  This latter point is a factor the Court may consider when deciding the motion.  *See Olafson*, 213
7  F.3d at 442.

8        The Court finds that Guindi has demonstrated that "exceptional circumstances" exist and
9  that "it is in the interests of justice that the testimony of" Mr. Bin Laden be taken and preserved
10 for use at trial. *Omene*, 143 F.3d at 1170.  With respect to the Government's opposition to the
11 proposed location for the deposition, the parties stated that they were working cooperatively to
12 find a mutually acceptable location for the deposition to take place.  As such, the Court finds
13 that the Government's second basis for opposing the motion is moot.

14       Accordingly, the motion is GRANTED and the deposition shall take place at a location
15 and on a date that is mutually agreeable to the parties and the witness.  In the event the parties
16 are unable to agree upon a location, they may seek an Order from the Court regarding the
17 location.  Finally, the parties shall complete the deposition by no later than October 5, 2007, and
18 shall appear for a status conference on October 18, 2007 at 2:30 p.m.

19 **IT IS SO ORDERED.**

21 Dated: April 5, 2007

                                                          JEFFREY S. WHITE
                                                          UNITED STATES DISTRICT JUDGE