IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>GUINDI GUINDI,<br><br>   Defendant.<br>_____/ | No. CR 05-00655-1 JSW<br><br>**ORDER GRANTING IN PART MOTION FOR RELIEF FROM CRIMINAL PRETRIAL STANDING ORDER AND GRANTING IN PART GOVERNMENT'S MOTION TO SEAL** |

   This matter is set for a pretrial conference on June 9, 2008. Pursuant to this Court's requirements, the parties' pretrial filings currently are due on May 27, 2008. Defendant Guindi Guindi's has moved for relief from this Court's Criminal Pretrial Standing Order and the deadlines set forth therein.

   On May 23, 2008, the Government submitted a Motion to Seal Declaration and Proposed Order to the Court, which, per this Court's Order, responded to Defendant's motion and the assertion that the Government had not yet complied with this Court's Order to provide information sought in Defendant's motion for a bill of particulars.

   The Government's motion to seal its response and the Declaration of Michael Wang is DENIED. The Court HEREBY ORDERS the Clerk to file those documents in the public record. The Government's request to file under seal the two page chart submitted by the Government as an attachment to the Wang Declaration is GRANTED.

   Based on the Government's representation that it did not provide Defendant with the information required by this Court's December 7, 2007 Order until May 22, 2008, and based on

1  Defendant's representations about the status of pretrial filings as set forth in his motion, the
2  Court GRANTS IN PART Defendant's request to be relieved from this Court's pretrial filings
3  deadlines. The Court shall grant the parties until May 29, 2008, to file all documents required
4  by this Court's Guidelines for Motions, Final Pretrial Conference, and Trial in Criminal Cases
5  Before the Honorable Jeffrey S. White.[1]

6  **IT IS SO ORDERED.**

7  Dated: May 23 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Counsel each represent that they were not aware of this Court's specific deadlines for pretrial filings, which are forth in these Guidelines. However, the Court specifically advised counsel at the motions hearings in this case, that it had specific requirements and deadlines associated with the pretrial conference and specifically advised counsel to familiarize themselves with the terms of this Court's guidelines. Thus, if counsel's lack of familiarity with this Court's deadlines were the sole basis for the requested continuance, the request would have been denied.

2